**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-CV-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

      Plaintiff,

v.

MARKEL AMERICAN INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Tamiami Condominium Warehouse Plaza Association, Inc.'s ("Plaintiff") Motion to Remand in Response to Defendant's Second Amended Notice of Removal ("Motion to Remand") (ECF No. 25), filed on June 12, 2019. Defendant Markel American Insurance Company ("Defendant") filed its Response on June 25, 2019 (ECF No. 29). Plaintiff did not file a Reply. The Court has carefully reviewed the Motion to Remand, the Response, all supporting and opposing submissions, and the record as a whole. For the reasons set forth below, Plaintiff's Motion to Remand (ECF No. 25) is **DENIED**.

## I. BACKGROUND

This case involves an insurance coverage dispute relating to damages from Hurricane Irma. Plaintiff originally filed its complaint in state court, in the Eleventh Judicial Circuit Court in and for Miami-Dade County, on February 13, 2019 (ECF No. 1-2). The case was removed to this Court on April 5, 2019 (ECF No. 1). An amended notice of removal was filed on May 6, 2019 (ECF No.

1

11). Plaintiff filed its Amended Complaint on May 16, 2019, for the purpose of naming the correct defendant (ECF No. 18). Thereafter, Defendant filed its Second Amended Notice of Removal ("Notice") on May 29, 2019 (ECF No. 20). The Notice avers that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441 based on diversity of citizenship (*id.* at ¶ 6).

Plaintiff filed its Motion to Remand (ECF No. 25) on June 12, 2019. Plaintiff contends that Defendant has failed to show that there is complete diversity between the parties as necessary for the Court to have diversity jurisdiction, requests that the Court remand the case back to state court for lack of diversity jurisdiction, and asks for attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

## II.    DISCUSSION

A defendant may remove an action to federal court if the matter in controversy is greater than $75,000.00 and if the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The party seeking removal has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). "While it is undoubtedly best to include all relevant evidence in the petition for removal . . . there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Cop.*, 216 F.3d 945, 949 (11th Cir. 2000). Post-petition affidavits can be considered if they are relevant to the time period when the petition was made. *Id.*

The instant dispute arises out of Defendant's citizenship and whether there was complete diversity between the parties at the time of filing of the Amended Complaint. The operative Notice alleges that Plaintiff's sought damages satisfies the amount in controversy ($1,205,561.01) and that complete diversity exists between Plaintiff (a citizen of Florida) and Defendant Markel American Insurance Company (a citizen of Virginia). The Notice claims that Defendant is solely

a citizen of the state of Virginia because it is incorporated in Virginia and maintains its principal place of business in Virginia. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). In support of its claims, Defendant proffers its State Corporation Commission record indicating that it is a Virginia corporation, with both its principal office and its registered agent's office located in Virginia (ECF No. 20-4); and its Florida Division of Corporations record, which also indicates that its principal and mailing addresses are in Virginia, and ten out of fourteen of the listed officers/directors have addresses in Virginia (ECF No. 20-5). The registered agent's address on this attached form, however, is listed as Tallahassee, Florida (*id.*).

Plaintiff disputes Defendant's Virginia citizenship and contends that Defendant is actually a Florida citizen, which if true would destroy complete diversity between the parties and divest this Court of jurisdiction. Plaintiff cites to *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242 (11th Cir. 2005) for the proposition that, for purposes of ascertaining diversity, a corporation's principal place of business is determined by looking at the "total activities" of the corporation. The "total activities" inquiry incorporates aspects of two different tests: the "place of activities" test (focus on production or sales activities of the corporation) and the "nerve center" test (emphasis on the locus of the managerial and policymaking functions of the corporation). *Id.* at 1247. In applying this standard, Plaintiff argues that Defendant's principal place of business is in Florida, not Virginia, because Defendant conducts significant business operations in Florida as evident from its website. Plaintiff also maintains that Defendant's website represents that a significant percentage of its wholesale distribution network is in Florida. Thus, Plaintiff contends that Defendant has failed to show that it is a citizen of Virginia under the "total activities" test.

However, as Defendant correctly points out in its Response to the Motion to Remand, the applicable standard for determining a corporation's citizenship for diversity purposes is not the "total activities" test, but is in fact the "nerve center" test as articulated in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In *Hertz*, the Supreme Court concluded that a corporation's principal place of business was "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" *i.e.* the "nerve center." *Id.* at 92-93. The "nerve center" will typically be where the corporation maintains its main headquarters—provided that its headquarters are the actual center of direction, control, and coordination, and not simply an office where the corporations holds its board meetings. *Id.* The Eleventh Circuit has recognized that the "nerve center" test controls the determination of a corporation's principal place of business. *See Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 757 (11th Cir. 2015).

In applying the *Hertz* test, the Court finds that Defendant's "nerve center" is in Virginia, where its main headquarters are located. Defendant submitted with its Response the sworn declaration of John R. Casciano, the Associate General Counsel and Claims Counsel, for Markel Services Incorporated, the exclusive claim service manager for Defendant (ECF No. 30) ("Declaration"). The Declaration states that Mr. Casciano is assigned to work with Defendant's executives and has been to Defendant's "physical headquarters" located at 4251 Highwoods Parkway, Glen Allen, Virginia (*id.* at ¶ 3). Mr. Casciano attests that Defendant's "marketing, regulatory, underwriting, claims handling, litigation and all other significant activities are controlled, directed and coordinated from the Glen Allen, Virginia headquarters" (*id.* at ¶ 5). Mr. Casciano further states that the majority of Defendant's corporate officers and employees work from these Virginia headquarters, and, though a few work from other locations outside of Virginia, that minority regularly works from and with the Virginia headquarters (*id.* at 6). Defendant's sworn

affidavit is consistent with the State Corporation Commission and Florida Division of Corporations records, which both show that Defendant's principal office and the majority of its officers are located in Virginia. Further, Defendant's lists its headquarters at three addresses in Glen Allen, Virginia. *See* http://www.markelcorp.com/locations/locations-list.

Plaintiff on the other hand has produced no evidence to show that Defendant's "nerve center" is located in Florida, nor has it disputed Defendant's proffered evidence. Plaintiff identifies two pages on Defendant's website which show that Defendant has a single office located in Tampa, Florida, and had 77 brokers at the time Plaintiff's Motion was filed, in support of its argument that Defendant has significant business activities in Florida (ECF No. 22 at 7). But "total activities" is not the correct standard in determining a corporation's principal place of business, and neither of these facts demonstrate that Defendant's "nerve center" is in fact in Florida.

## III.    CONCLUSION

For these reasons, Defendant has established by more than a preponderance of the evidence that its principal place of business is in Virginia, and all other requirements for diversity jurisdiction are satisfied. It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand in Response to Defendant's Second Amended Notice of Removal (ECF No. 25) is **DENIED**.[1]

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of October, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's motion is also denied to the extent it seeks attorney fees and costs pursuant to 28 U.S.C. § 1447, as the statute states that such fees are only available upon entry of an order remanding the case.