UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

    Plaintiff,

v.

MARKEL AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT II OF AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant Markel American Insurance Company's ("Defendant") Motion to Dismiss Count II of the First Amended Complaint ("Motion to Dismiss") (ECF No. 22), filed on May 29, 2019. Plaintiff Tamiami Condominium Warehouse Plaza Association, Inc. ("Plaintiff") filed its Response on June 12, 2019 (ECF No. 26). Defendant filed its Reply on June 19, 2019 (ECF No. 28). The Court has carefully reviewed the Motion to Dismiss, the Response, the Reply, all supporting and opposing submissions, and the record as a whole. For the reasons set forth below, Defendant's Motion to Remand (ECF No. 22) is **GRANTED**.

### I.    BACKGROUND

This case involves an insurance coverage dispute relating to damages from Hurricane Irma to Plaintiff's properties located in Miami, Florida (the "Property"). The Property was covered by Plaintiff's insurance policy with Defendant (the "Policy"), which was in effect on September 10, 2017, when Irma made landfall on South Florida and caused damage to the Property. Plaintiff filed

1

a claim with Defendant under the Policy to recoup those damages. After satisfying its obligations under the Policy, Plaintiff contends that Defendant failed to pay the total amount of the damages that were caused by the hurricane.

Plaintiff originally filed its complaint in state court, in the Eleventh Judicial Circuit Court in and for Miami-Dade County, on February 13, 2019 (ECF No. 1-2). The case was removed to this Court on April 5, 2019 (ECF No. 1). Plaintiff filed an Amended Complaint on May 16, 2019 (ECF No. 18). The Amended Complaint brings two counts against Defendant alleging breach of contract (Count I) and seeking a declaration of rights (Count II). Both counts arise from the same set of factual allegations.

On May 29, 2019, Defendant filed an Answer to the Amended Complaint (ECF No. 21), and then the present Motion to Dismiss (ECF No. 22) on the same day. The Motion to Dismiss seeks dismissal of Count II only. Defendant argues that the declaratory relief sought in Count II is duplicative of Plaintiff's breach of contract claim in Count I, and thus must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's consideration is limited to the allegations in the complaint. *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's

favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

As an initial matter, the Court notes that Defendant's Motion to Dismiss (ECF No. 22) was filed after its Answer to the Amended Complaint (ECF No. 21). Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made *before* an answer is filed. Courts have strictly followed the use of the word "before" in Rule 12(b), and have found motions to dismiss untimely when they were filed after or even contemporaneously with an answer. *See Walker v. Mead*, No. 6:13-CV-1894-ORL-36, 2014 WL 2778162, at *3 (M.D. Fla. June 18, 2014) (collecting cases). Even where the answer is only partial and references the subsequent motion to dismiss, as is here[1], the Rule requires that all Rule 12(b) motions be filed prior to a responsive pleading. *See Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-1183-ORL, 2014 WL 7734262, at *3 (M.D. Fla. Jan. 30, 2014). As a result, "the proper rule for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings," under Rule 12(c). *Williams v. Specialized Loan Servicing LLC*, No. 1:16-CV-0638-RWS-LTW, 2017 WL 2903350, at *2 (N.D. Ga. Jan. 3, 2017), *report and recommendation adopted*, No. 1:16-CV-0638-RWS-LTW, 2017 WL 3000037 (N.D. Ga. Feb. 22, 2017). Under Rule 12(c) and (h)(2)(B), defendants who have answered a complaint may still challenge a plaintiff's pleadings on the basis that they fail to state a claim upon which relief may be granted. A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Grossman v. Nationsbank, N.A.*, 225

---

[1] Defendant's Answer responds to all of the allegations in Plaintiff's Amended Complaint, except for Count II, where Defendant states that "[i]n lieu of answering the allegations of this Count, Defendant has filed a motion dismiss for failure to state a claim upon which relief may be granted. Defendant will answer the allegations of this Count after the Court renders a decision on the motion to dismiss, if necessary" (ECF No. 21 at 4).

3

F.3d 1228, 1231 (11th Cir. 2000). Accordingly, because there is no substantive difference between motions filed under Rule 12(b)(6) and Rule 12(c), the Court will address the arguments made in Defendant's Motion to Dismiss as though they had been properly raised in a motion for judgment on the pleadings.

Turning to the merits, Defendant contends that Count II for declaratory relief is duplicative of, and is subsumed within, Count I, and should be dismissed. In a claim for declaratory relief, the court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. Florida Statute Section 86.021 provides for a declaration of rights or status where a party to an agreement is in doubt as to his or her rights. *City of Hollywood v. Fla. Power & Light*, Co., 624 So.2d 285 (Fla. 4th DCA 1993). The only relevant inquiry in ascertaining whether the complaint states a claim for declaratory relief is whether or not the plaintiff is entitled to a declaration of rights. *Tobon v. Am. Sec. Ins. Co.*, No. 06–61912–Civ, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007)."[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Fernando Grinberg Tr. Success Int. Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010).

Count I of the Amended Complaint for breach of contract alleges that Defendant failed to pay the total amount of damages that were caused by Hurricane Irma and due to Plaintiff under the Policy (ECF No. 18 at ¶ 17) ("Defendant failed to pay the total amount of the damages that proximately resulted from, and that were caused by, the Loss."). Count II seeks declaratory relief based on Plaintiff's doubts as to whether its claim for damages is fully covered under the Policy, and alleges a dispute between the parties as to whether the Policy provides coverage of the loss

4

(*id.* at ¶¶ 29, 30). Specifically, Plaintiff seeks a declaration as to whether Defendant waived certain conditions precedent and subsequent to coverage as required by the Policy; whether Defendant breached a material term of the Policy; whether Defendant has a lawful basis to dispute coverage for losses/damages; and whether Defendant is estopped from disputing coverage (*id.* at ¶ 31(a)-(e)). Both counts incorporate by reference all general allegations of the complaint (*id.* at ¶¶ 1-18), and both counts seek attorney fees and costs.

The issues raised in Plaintiff's declaratory relief count will necessarily be resolved upon adjudication of the breach of contract count—that is, whether Defendant breached the terms of the Policy by failing to pay the total amount of damages that Plaintiff alleges it is entitled to. Plaintiff can obtain full, adequate, and complete relief through its breach of contract claim, rendering its petition for declaratory relief redundant. Other courts in this district dealing with the same issue have come to the same conclusion. *See, e.g., Fernando*, 2010 WL 2510662, at *2 (dismissing declaratory relief count where the relief sought was available through breach of contract claim); *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, 18-60562-CIV, 2018 WL 3672265, at *3 (S.D. Fla. July 24, 2018) (same); *Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1332-33 (S.D. Fla. 2010) (same); *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, No. 16-25313-CIV, 2017 WL 1363344, at *2 (S.D. Fla. Apr. 5, 2017) ("A petition seeking a declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract."). Though Plaintiff relies on *Ocean's 11 Bar & Grill, Inc. v. Indemnity Insurance Corporation of DC*, 2011 WL 3843931, at *2 (S.D. Fla. Aug. 26, 2011) for the proposition that a declaratory relief count can coexist alongside a breach of contract count, that case is distinguishable because there the court found that the declaratory relief count sought injunctive relief that was unavailable in the

breach of contract count. Moreover, Plaintiff's other cited cases, *Higgins v. State Farm Fire & Casualty Company*, 894 So. 2d 5 (Fla. 2004) and *Heritage Prop. & Casualty Insurance Company v. Romanach*, 224 So. 3d 262 (Fla. 3d DCA 2017), discuss only whether an insurance carrier had stated a claim for declaratory relief, without reference to a breach of contract claim.

### III. CONCLUSION

Because Plaintiff's claim for declaratory relief is subsumed within its breach of contract claim, it is accordingly **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count II of the First Amended Complaint ("Motion to Dismiss") (ECF No. 22) is **GRANTED**. Count II of the Amended Complaint is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of October, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE