# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

    Plaintiff,

v.

MARKEL AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO COMPEL APPRAISAL AND STAY PROCEEDINGS

**THIS CAUSE** is before the Court on Plaintiff Tamiami Condominium Warehouse Plaza Association, Inc.'s ("Plaintiff") Motion to Compel Appraisal and Stay Proceedings ("Motion to Compel Appraisal") (ECF No. 55), filed on October 24, 2019. Defendant Markel American Insurance Company's ("Defendant") filed its Response on October 31, 2019 (ECF No. 62). Plaintiff filed its Reply on November 5, 2019 (ECF No. 66). The Court has carefully reviewed the Motion to Compel Appraisal, the Response, the Reply, all supporting and opposing submissions, and the record as a whole. For the reasons set forth below, Plaintiff's Motion to Compel Appraisal (ECF No. 55) is **DENIED**.

## I.    BACKGROUND

This case involves an insurance coverage dispute relating to damages from Hurricane Irma to Plaintiff's properties located in Miami, Florida (the "Property"). The Property was covered by Plaintiff's insurance policy with Defendant (the "Policy"), which was in effect on September 10,

2017, when Irma made landfall on South Florida and caused damage to the Property. Plaintiff filed a claim with Defendant under the Policy to recoup those damages. After satisfying its obligations under the Policy, Plaintiff contends that Defendant failed to pay the total amount of the damages that were caused by the hurricane. Defendant admits that Irma caused $17,222.91 in damage to the Property but denies that Plaintiff is entitled to benefits under the Policy because that sum fell within the deductible of the Policy.

Plaintiff originally filed its complaint in state court on February 13, 2019 (ECF No. 1-2). The case was removed to this Court on April 5, 2019 (ECF No. 1). Plaintiff filed an Amended Complaint on May 16, 2019 (ECF No. 18). Defendant filed an Answer and Affirmative Defenses on May 29, 2019 (ECF No. 21). Both parties have actively engaged in discovery and motion practice.

Eight months after Plaintiff initially filed this action, on October 24, 2019, Plaintiff filed the present Motion to Compel Appraisal, seeking to invoke its contractual right under the insurance policy to have its loss amount determined by appraisal. Plaintiff also seeks to stay the current proceedings until completion of the appraisal. Defendant argues that Plaintiff has waived its right to demand appraisal in this matter by taking action inconsistent with its right to appraisal.

## II. DISCUSSION

"The law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss found to be covered under the policy is subject to appraisal if so provided in the insurance policy." *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-22774, 2015 WL 6504587, at *2 (S.D. Fla. Oct. 28, 2015) (citing *State Farm Florida Ins. Co. v. Hernandez*, 172 So.3d 473, 476 (Fla. 3d DCA 2015)). However, "the right to an appraisal may be waived if a party maintains a position inconsistent with the

appraisal remedy." *Pena v. Scottsdale Ins. Co.*, No. 15-23116-CIV, 2015 WL 12828122, at *1 (S.D. Fla. Oct. 22, 2015) (citing *Gray Mart, Inc. v. Fireman's Fund Ins. Co.*, 703 So. 2d 1170, 1172 (Fla. 3d DCA 1997)). "A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *J&E Investments, LLC v. Scottsdale Ins. Co.*, No. 16-61688-CIV, 2016 WL 8793337, at *2 (S.D. Fla. Aug. 18, 2016) (citing *Florida Insurance Guaranty v. Maroulis*, 153 So.3d 298, 300 (Fla. 5th DCA 2014)), *report and recommendation adopted*, No. 16-61688-CIV, 2016 WL 8793338 (S.D. Fla. Sept. 7, 2016). "[T]he question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether [the insurer] acted inconsistently with [its] appraisal rights." *Id.*

The Policy contains the following language regarding invoking the appraisal clause:

1. Appraisal

If "you" and "we" do not agree on the amount of the loss or the value of the covered property, either party may demand that these amounts be determined by appraisal.

If either party makes a written demand for appraisal, each party will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, "you" or "we" can ask a judge of a court of record in the state where the property is located to select an umpire.

The appraisers will then determine and state separately the amount of each loss.

The appraisers will also determine the value of the covered property items at the time of the loss, if requested.

If the appraisers submit a written report of any agreement to "us", the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit only their differences to the umpire. Written agreement so itemized and signed by any two of these three sets the amount of the loss.

> Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by "you" and "us".

(ECF No. 55, Ex. A). As stated, the Policy allows for either party to seek appraisal if there is a disagreement on the amount of the loss or the value of the covered property. The Policy further states that "[i]f either party makes a written demand for appraisal," each party will then select an appraiser and reveal their identity within twenty days of the written demand. The parties dispute whether this sentence requires that appraisal be demanded by formal writing only. The parties do not dispute that the Policy does not contain a requirement for appraisal to be invoked within a specified time.

Defendant contends that Plaintiff has waived its right to invoke appraisal under the Policy because Plaintiff has acted inconsistently with its right to appraisal by filing and litigating this action, including actively engaging in written discovery and depositions. Defendant argues that Plaintiff never made a written demand for appraisal before filing suit, only demanding an appraisal for the first time in the present motion eight months later. Plaintiff maintains that it has not waived its right to appraisal because Defendant has not admitted coverage of its claim, until which an insured cannot act inconsistently with its right to appraisal. Plaintiff also asserts that the Policy does not require that it make a written demand in writing, nor that it invoke his appraisal right within a certain period of time.

Plaintiff's demand for appraisal is timely, as the Policy does not contain any provision limiting the right to invoke appraisal within a specific period of time. However, the Court finds that Plaintiff has waived its right to an appraisal by actively participating in litigation for the past eight months (six months in this Court), before finally seeking an appraisal of its claim.[1] While

---

[1] Thus, the Court need not determine whether the Policy requires that Plaintiff make his demand for appraisal in formal writing.

4

the length of the litigation is not determinative on its own, Plaintiff has engaged in extensive discovery by serving on Defendant numerous discovery requests, including interrogatories, requests for production, and requests for admission; responding to Defendant's discovery requests by production and in writing; and taking depositions. Plaintiff pled two complaints (neither referencing its right to appraisal), filed two motions to remand, and responded to at least three of Defendant's motions. Moreover, Plaintiff does not deny that it was aware of its right to appraisal. Plaintiff's actions over the course of six months are inconsistent with a party that seeks an appraisal as opposed to litigation. Courts applying Florida law have found that a party engaging in litigation and discovery over such a length of time constitute a waiver of the right to appraisal. *See, e.g., Versailles Sur La Mer Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 618CV1125ORL37TBS, 2018 WL 3827154, at *4–5 (M.D. Fla. July 24, 2018) (finding that insured waived its right to appraisal by actively litigating case over five months and participating in discovery), *report and recommendation adopted*, No. 618CV1125ORL37TBS, 2018 WL 3817758 (M.D. Fla. Aug. 10, 2018); *RTG Furniture Corp. v. Indus. Risk Insurers*, No. 07-80538-CIV, 2008 WL 11332085, at *3 (S.D. Fla. Jan. 16, 2008) (same).

In contrast, the cases Plaintiff cites do not support its position that it has not acted inconsistently with its right to appraisal. In *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, 2018 WL 6267943, (S.D. Fla. Nov. 30, 2018), the court found that the insured did not waive its right to appraisal where, other than the filing of the complaint, all litigation and discovery events were initiated by the insurer. Similarly, in *Calzadilla v. Scottsdale Ins. Co.*, 2019 WL 2245518 (S.D. Fla. Apr. 10, 2019), the court determined that the party seeking appraisal did not waive its rights where it moved to compel appraisal immediately after the case had been removed to federal court, without any additional litigation or discovery. Neither *ABC* or *Calzadilla* involved facts where the

5

party seeking appraisal (1) actively engaged in litigation, (2) over a significant length of time, as is the case here.

Plaintiff argues that it has not acted inconsistently with its appraisal rights, citing to the case *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.* for the proposition that "[a] party cannot act inconsistently with the right to seek appraisal until the insurer admits coverage." No. 218CV779FTM99UAM, 2019 WL 2281678, at *4 (M.D. Fla. May 29, 2019). Plaintiff claims that Defendant has not unequivocally admitted coverage for Plaintiff's damages, citing to Defendant's Answer denying that Plaintiff is entitled to benefits under the Policy (ECF No. 21, Answer ¶ 12), as well as the Affirmative Defenses that "some or all of the damages" sought are excluded by the Policy. Thus, Plaintiff contends that it cannot have waived its appraisal rights in the absence of Defendant's acceptance of coverage.

Upon review of the record as a whole, Defendant has consistently admitted its acceptance of coverage of Plaintiff's claim, but in an amount that falls below Plaintiff's deductible. In its Answer, Defendant unambiguously pleads that it "admit[s] that Hurricane Irma caused $17,222.91 in damage to the property insured under the Policy" (Answer ¶ 11). In its Notice of Removal, Defendant explicitly states that, after Plaintiff filed its claim, "[Defendant] informed the Plaintiff that the subject property sustained $17,222.91 in covered damages and made no payment, as that sum fell within the deductible of the insurance policy" (ECF No. 1 ¶ 12). Hence, Defendant's Answer "[d]enie[s] that Plaintiff is entitled to benefits under the Policy," as the amount of Plaintiff's covered damages does not reach the deductible amount for Plaintiff to actually receive any benefits. The language of Defendant's Affirmative Defenses does not support Plaintiff's argument either; allegations that "some or all of the damages" are excluded by the Policy refer to "damages sought by Plaintiff's complaint," not the damages which Defendant has already accepted

coverage of ($17,222.91). Accordingly, there is no ambiguity to Defendant's position that it has accepted coverage of Plaintiff's claim and that the only disagreement is to the amount of the covered loss.

## III. CONCLUSION

Because Plaintiff has acted in a manner inconsistent with its appraisal rights and thus waived its right to an appraisal under the Policy, it is accordingly **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Appraisal and Stay Proceedings (ECF No. 55) is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 19th day of November, 2019.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE