UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:19-cv-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

    Plaintiff,
v.

MARKEL AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court pursuant to Defendant's Motion to Strike Plaintiff's Expert Witness (ECF No. 59) and related, Plaintiff's Motion for Limited Extensions of Discovery Deadlines (ECF No. 81). The Motions were referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge (ECF No. 65). The Motions both being fully briefed, a hearing on the Motions held on December 10, 2019, and otherwise being fully advised in the premises, the undersigned recommends that the Motion to Strike be **GRANTED** and the Motion for Limited Extensions of Discovery Deadlines be **DENIED** in part, as follows.

**I.    DISCUSSION**

This breach of contract action stems from Defendant Markel American Insurance Company's ("Markel") refusal to pay for damage allegedly caused by Hurricane Irma to Plaintiff Tamiami Condominium Warehouse Plaza Association, Inc.'s property ("Tamiami Condo"). Plaintiff contends that Defendant failed to pay the full amount of loss attributable to that event,

1

specifically, damages incurred to the roof from the hurricane. The present Motions require the Court to decide whether Plaintiff should be precluded from calling at trial an expert witness whose opinions have not yet been disclosed, or whether Plaintiff should be granted leave to make such disclosures. Defendant moves to strike the disclosure Plaintiff timely made as insufficient; Plaintiff, in apparent concession that the timely notice of intent to call an expert did not amount to a proper disclosure, moves to extend certain pretrial deadlines in order to afford him an opportunity to do so. For the reasons stated at a hearing on the motions on December 10, 2019, I recommend that Defendant's Motion be granted, and Plaintiff's be denied, in part.[1]

### A. Background

The Order scheduling trial in this matter set the deadline to disclose experts as October 24, 2019, 130 days before the trial date of March 2, 2020 (ECF No. 16). On October 24, 2019 at 11:58 p.m., Plaintiff served on defense counsel "Plaintiff's Expert Disclosure." *See* Def. Exh. A (ECF No. 59-1). Therein, Plaintiff identifies two witnesses on whom it intends to rely for expert opinion: Alfredo Brizuela, and Alejandro Barquero.[2] For the first witness, Plaintiff's Disclosure states that "Mr. Brizuela will testify with respect to his opinions regarding the cause and scope of damages to the property that is the subject of this lawsuit, the cost to repair those damages, as well as in rebuttal to opinions offered by Defendant's expert(s)." *Id*. That is the sum total of Plaintiff's disclosure of Mr. Brizuela's opinion. Plaintiff also affixed Brizuela's Curriculum Vitae ("CV") and a list of cases in which Brizuela has testified in the preceding ten years.

Defendant promptly responded the next day by moving to strike Brizuela as an expert

---

[1] Plaintiff's Motion seeks extension of the discovery cut-off in order to supplement its expert report and to conduct other limited discovery. Specifically, the Motion requests in its final paragraph an extension of time to depose two of Defendant's witnesses. The issues related to those two witnesses are non-dispositive and were granted. They are memorialized in a separate order. Because the expert at issue here would provide Plaintiff's sole evidence on an element of his claim, an order excluding his testimony is case dispositive. Accordingly, I make this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] Barquero, identified as a "hybrid witness," has been deposed and is not the subject of either of the present motions.

witness (ECF. No. 59).³ Defendant's Motion to Strike is premised on the inadequacy of the notice to serve as an expert disclosure; in fact, no putative opinion is even disclosed, much less a report explaining the bases therefor. Plaintiff's Response to the motion acknowledges that the disclosure is incomplete and represents that the report of Mr. Brizuela's opinion is "forthcoming, albeit untimely." (ECF No. 70). Plaintiff's Response was filed on November 8, 2019, just two weeks before the discovery period cut-off; Plaintiff then argued that Defendant was not prejudiced by not yet receiving the expert report (although no estimated date for disclosure was offered) because there remained "plenty of time" for Mr. Brizuela to prepare the report before Defendant deposed him. Plaintiff argued that striking Brizuela would pose a "drastic and unjust consequence" for Plaintiff (*id.*).

On November 25, 2019, a month after the expert disclosure deadline had passed, Plaintiff filed a motion to extend the discovery cut-off deadline (ECF No. 81). In it, Plaintiff asks that the discovery deadline be extended so that Brizuela may be paid, a report may be furnished to Defendant, and he may be deposed. To date, no report has been prepared, and no further opinion of Mr. Brizuela has been disclosed to Defendant.

At the hearing Plaintiff represented that Brizuela was "formally retained" around Thanksgiving, but that financing to pay Brizuela's fee had presented challenges, ultimately necessitating a third-party to fund his fee. Now retained, Brizuela has started the work necessary to form his opinion; however, counsel represented, the third-party payor instructed Brizuela to stop his work, apparently pending resolution of the present motions. As such, there is no certain date

---

³ As has become the practice in this suit, Defendant's pre-filing conferral efforts consisted of nothing more than sending Plaintiff's counsel a single email, attaching a copy of the motion, to which Plaintiff's counsel responded that he did not agree to the relief sought herein. Defendant's Motion could be denied for failure to comply with Local Rule 7.1(a)(3), which imposes a duty on both movant and opposing counsel to cooperate in good faith to resolve by agreement the issues to be raised in the motion. The absence of cooperation and professional courtesy in this suit has led to too many unnecessary filings and wasted opportunities to cure deficiencies so that this case could be tried on its merits, not a game of discovery gotcha.

3

by which his report is anticipated for completion, though plaintiff's counsel expressed his optimism that it would be before the end of the year.

**B.     Analysis**

Federal Rule of Civil Procedure Rule 26(a)(2)(B) requires that a written report containing a "complete statement of all opinions to be expressed and the basis and reasons therefor" accompany the designation of a witness "who is retained or specially employed to provide expert testimony." The exchanging of expert reports is a "meaningful provision which eliminates unfair surprise to the opposing party and the conservation of resources by providing notice of the specifics of the expert's expected testimony." *See Access Now Inc. v. Macy's E., Inc.*, No. 99-9088-CIV, 2001 WL 36380366, at *3 (S.D. Fla. Oct. 22, 2001) (quoting *Chapple v. State of Ala.*, 174 F.R.D. 698, 699 (M.D. Ala. 1997) (internal quotations omitted)). There is no doubt, and Plaintiff ultimately admitted at the hearing, that the "disclosures" provided by Plaintiff were inadequate to satisfy the requirements of Rule 26(a)(2)(B). The Court must now decide whether Plaintiff should be afforded leave to make such disclosures, or if the witness should be stricken.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Substantial justification requires justification to a degree that would satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure request. *See Access Now*, 2001 WL 36380366, at *3.

To determine substantial justification, district courts have considered factors such as good faith, willfulness or negligence, control, and surprise. *Id*. These factors weigh against Plaintiff. Notwithstanding counsel's attempt to preserve Plaintiff's right to call Brizuela by prophylactically

4

listing him and his credentials on Plaintiff's expert disclosures, his inability to disclose an *opinion* by Brizuela is directly tied to Plaintiff's failure to timely engage him. Plaintiff knew he needed an expert for the element of causation and even identified one that may be qualified to testify in this case. However, Plaintiff chose not to originally pay Brizuela's retainer when presented with him as an expert in the first instance, and apparently later Brizuela demanded a fee twice of the original retainer as a result of the tight deadlines the engagement would impose. This decision by Plaintiff to not retain and pay Brizuela so that the report would be completed by the expert deadline was Plaintiff's election, not circumstances beyond its control or unforeseeable at the time. Even if Plaintiff's failure to have engaged Brizuela earlier could be attributed to an inability to pay him, Plaintiff did not seek relief from the Court of that deadline with explanation that he needed additional time to retain his expert. Plaintiff's election to not disclose and assume that the deadline to do so was entirely open-ended, does not demonstrate good faith under Rule 37.

Nor can it be said that Plaintiff believed in good faith that its disclosure was sufficient or whether the sufficiency was disputed. Defendant filed its motion to strike Brizuela and has opposed, both in a Response and at the hearing, the ability for Plaintiff to supplement those disclosures because it would be prejudiced if such disclosures were made with trial looming. Ultimately, I cannot find here substantial justification for Plaintiff's failure to make timely and adequate disclosure of its intended expert witness.

Even without substantial justification, an expert is not automatically disqualified unless there is a showing of prejudice to the movant. *See Access Now*, 2001 WL 36380366, at *4. Plaintiff contended that Defendant suffers no prejudice from its late disclosures because Defendant knew what Brizuela's opinions would be and thus should be able to supplement with an extension of the discovery deadline. Defendant avers that it cannot even conceive of how to cure its prejudice

5

because it still does not even know what opinion Brizuela might offer.

In *Access Now,* the court grappled with whether to admit an expert who had been disclosed to the defendant, but whose report that was disclosed was for a different, albeit similar, case. Although the court found that there was not substantial justification for the failure to provide adequate disclosures on those facts, it ultimately found that the defendant was not prejudiced because the expert was known to the defendant, the expert's background and qualifications were contained in the declaration, that although a report specific to the case had not been provided, a report none the less had been provided, the defendant had deposed the expert which specifically applied to the facts at issue in the case before the court, and that it was unlikely that the defendant would be surprised as a result of the inadequate disclosures. *Id.*

Here, the same cannot be said. There's been no showing that Brizuela was known to Defendant, although his CV was disclosed, no expert report has ever been provided, or even commissioned, Brizuela has never sat for a deposition, nor have any of his expected opinions or bases for those opinions ever been disclosed other than broad statements in Plaintiff's declaration. "Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." *Id*. (quoting *Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996). Here, Defendant would be quite literally guessing as to everything that Brizuela may testify to and how he might reach his opinions because nothing, save his CV and prior engagements, has been disclosed.

Plaintiff relied on *AFI Holdings of Ill., LLC v. Waterman Broad.*, for the proposition that denying a motion for a limited extension of time is a harsh sanction that should be imposed sparingly. No. 2:17-CV-491-FTM-99CM, 2018 WL 5288744, at *2 (M.D. Fla. Oct. 15, 2018). In *AFI Holdings*, the court extended an expert deadline where the movant showed diligence in

6

attempting to meet the court's deadlines and the deadlines could be extended without delaying the trial term. *Id*. Such diligence is here lacking. Plaintiff's counsel offered by way of justification that there had been miscommunications, and indeed, the docket reflects that the relationship between counsel and Plaintiff reached irreconcilable differences, as represented in counsel's motion to withdraw (ECF No. 67). Even taking into account the difficulties that may have arisen in the last month,[4] Plaintiff's lack of diligence has been an issue for months before that, demonstrated by multiple orders compelling Plaintiff to respond to Defendant's discovery requests (ECF Nos. 41, 69) and sanctioning Plaintiff for failure to comply with that order (ECF No. 69). Plaintiff has not shown its diligence in prosecuting this action generally, or more specifically, in timely retaining an expert to provide an opinion on causation.

The Plaintiff further relied on *Chiarino v. United States* in its brief and at the hearing. No. 15-CV-80465, 2016 WL 7442795, at *1 (S.D. Fla. Jan. 14, 2016). As in *AFI Holdings* above, the Court in *Chiarino* was able to provide adequate time to offer parties meaningful time to depose and challenge the expert in question and still have the trial on the set date. The same is not the case here. Under Plaintiff's proposed schedule, Defendant would still be taking expert discovery in January, with a trial date in March. The undersigned agrees with Defendant: it is impossible to even assess the prejudice to the opposing party without even a putative opinion or report from the expert. If it were possible to find no prejudice in this scenario, without an opinion even to evaluate, then this prong of Rule 37 would be meaningless, as no greater prejudice exists than for a party to challenge an expert without knowing his opinion.

## II. CONCLUSION

Therefore, I recommend that Plaintiff's Motion to Extend the Discovery Deadlines be

---

[4] The Motion to Withdraw was filed on November 6, 2019 and denied without prejudice by Judge Smith on November 19, 2019 (ECF No. 79).

**DENIED** to the extent that extension is sought for the purpose of retaining, disclosing, and presenting for deposition an expert witness; and Defendant's Motion to Strike be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the Parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the Parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers, in Miami, Florida, this 13th day of December, 2019.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE