**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-CV-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

    Plaintiff,

v.

MARKEL AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on the Report and Recommendations of United States Magistrate Judge Lauren Fleischer Louis ("Report") (ECF No. 97), submitted on December 13, 2019. In her Report, Magistrate Judge Louis recommends that Defendant's Motion to Strike Plaintiff's Expert Witness ("Motion to Strike") (ECF No. 59) be granted and that Plaintiff's proffered expert witness, Alfredo Brizuela, be stricken. Judge Louis also recommends that Plaintiff's Motion for Limited Extension of Discovery Deadlines ("Extension Motion") (ECF No. 81) be denied in part "to the extent that extension is sought for the purpose of retaining, disclosing, and presenting for deposition an expert witness." Report at 7-8. On December 27, 2019, Plaintiff filed its "exception" to the Report (ECF No. 120), objecting to the recommendation that Mr. Brizuela be stricken as an expert witness, requesting *de novo* review, and asking the Court to extend deadlines; Defendant responded on January 10, 2020 (ECF No. 129). The Court has carefully reviewed the Report and all submissions relating to this matter.

1

To challenge the recommendations of a Magistrate Judge, a party must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Upon receipt of objections meeting the specificity requirement set out above . . . [the Court] . . . make[s] a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the [Magistrate Judge]." *Id.* However, "[r]ecommendations that are not specifically objected to are subject to the clear error standard." *Roman v. United States*, No. 06-80153-CR, 2011 WL 386857, at *1 (S.D. Fla. Feb. 2, 2011); *see Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff objects generally to the Report's recommendation that Defendant's Motion to Strike be granted and that Mr. Brizuela be stricken as an expert witness, but fails to articulate any specific objection to the Report or provide any specific basis for its objection. It also appears that Plaintiff does not object to the recommendation that its Extension Motion be denied in part. Therefore, the Court need only apply the clear error standard in its consideration of the Report. Upon review of the Report for clear error, the Court is in full agreement with Judge Louis's comprehensive analysis and recommendations, and finds no reason to vacate or otherwise modify the Report.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendations (ECF No. 97) is **AFFIRMED AND ADOPTED**, and incorporated by reference into this Court's Order. Plaintiff's objections (ECF No. 120) are **OVERRULED**.

2. Defendant's Motion to Strike Plaintiff's Expert Witness (ECF No. 59) is **GRANTED**. Plaintiff's proffered expert witness, Alfredo Brizuela, is stricken.

3. Plaintiff's Motion for Limited Extension of Discovery Deadlines (ECF No. 81) is **DENIED IN PART**, to the extent that extension is sought for the purpose of retaining, disclosing, and presenting for deposition an expert witness.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE