**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 1:19-CV-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

    Plaintiff,
v.

MARKEL AMERICAN INSURANCE
COMPANY,

    Defendant.

_____/

**ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to Modify Technical Admissions (ECF No. 82). The Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge. A hearing was held on the Motions by the undersigned on December 10, 2019.

**I.  DISCUSSION**

This Court entered an Omnibus Order on December 16, 2019 (ECF No. 105).[1] In that Order the Court required the parties to brief and submit a five-page supplementation of their previously filed briefs pertaining to Request for Admission ("RFA") No. 6. By way of background for the unacquainted, Plaintiff was served with Defendant's First RFA's on July 24, 2019. Plaintiff's Answers thereto were due on August 23, 2019 pursuant to Federal Rule of Civil Procedure 36(a).

---

[1] The Court laid out in extensive detail the background facts and litigation history in that Order, as such the facts are omitted herein.

1

Plaintiff did not serve any response to the RFA's, and its failure to timely respond to and deny the RFAs deem them admitted pursuant to Rule 36(b). Trial is scheduled to commence in this matter during the trial period beginning March 2, 2020.

### A. Motion for Leave to Amend Admissions

Plaintiff sought leave to modify its response to Requests Numbers 3, 4, and 6. The Court granted Plaintiff's motion with regards to Requests Numbers 3 and 4 but reserved ruling on Request Number 6 pending the supplementation of briefings.

Defendant opposes Plaintiff's Motion because it avers that Plaintiff has failed to show any excusable neglect in waiting so far passed not only the date by which the RFAs were due but also after the discovery deadline to even raise its Motion; Defendant further contends it would be prejudiced if Plaintiff is afforded leave to amend and deny the requests because it relied on the admissions.

In order to withdraw or amend an admitted matter, a party must seek leave of the court to do so. Fed.R.Civ.P. 36(b). The Court is required to undertake a two-part analysis in considering such a motion: 1) whether the presentation of the merits of the action will be subserved thereby and 2) whether the party who obtained the admission will be prejudiced by the proposed withdrawal or amendment. *See Perez v. Miami-Dade Cty*, 297 F.3d 1255, 1264 (11th Cir. 2002). Thus, the Court has examined each of the requests for which Plaintiff seeks leave to amend to assess how such amendment, or preclusion of amendment, will impact the case and the opposing party.

Plaintiff alleges in this suit that Defendant has failed to provide coverage as required for property damage caused by Hurricane Irma; Request for Admission No. 6 asked Plaintiff to admit that the exterior paint of the subject property was not damaged by Hurricane Irma. As noted above,

Plaintiff never responded and its failure to deny is deemed an admission.

In Plaintiff's supplemental briefing, it claims that Defendant had clear notice that Plaintiff was claiming damages for exterior paint caused by Hurricane Irma. It points to the testimony of Alejandro Barquero, Plaintiff's public adjuster who was disclosed as a hybrid witness, and who testified that his estimate included painting for the exterior of the subject property (ECF No. 107-1 at 5:3-8). Plaintiff further contends that Barquero attributed "at least some of the paint damage being attributed to the storm" (ECF No. 109 at 2).

Defendant avers that it would be prejudiced because it has relied on Plaintiff's technical admission that it was not claiming damages related to exterior paint because no causation expert has ever opined on the issue because it was deemed admitted.

Having reviewed the evidence advanced by Plaintiff and the deposition testimony of Plaintiff's witness Barquero, the undersigned finds that Plaintiff has not shown that the presentation of the merits of the action will be subserved by denying Plaintiff's motion for leave to amend because there has been no evidence presented by Plaintiff which would support its denial of Requests for Admission No. 6.

Defendant challenges Plaintiff's reliance on Barquero to offer an opinion on causation because he was not disclosed as an expert; nor did he offer a competent opinion on causation. The undersigned agrees. The deposition testimony of Barquero identified by Plaintiff does not state that the cause of the exterior paint damage was caused by Hurricane Irma. While Barquero testified that he did not attribute "all" spider-cracking or hairline cracking on the exterior to the hurricane, which may imply that he attributed "some" of that issue to derive from the hurricane, he did not go on to so state the extent of damage to the paint he attributed to the hurricane (ECF No. 107-1 at 5:3-20).

Without any evidence to support its proposition that the exterior paint of the property was damaged by Hurricane Irma, the presentation of the merits cannot possibly be subserved by allowing for the modification of the technical admission. The merits would only be subserved if, in fact, there was any evidence to support the denial of the Request for Admission. Accordingly, the first prong of the test cannot be met as Plaintiff has presented no evidence to support this denial.

Because there has been no evidence advanced to support its denial allowing Plaintiff to now, weeks before trial is scheduled to start, amend its answer to claim that the exterior paint damage was caused by the hurricane would cause prejudice to Defendant. Defendant relied on this admission in order to determine which experts to retain and designate.

As such, the Court finds that Plaintiff has failed to meet either of the prongs established in *Perez*. Accordingly, Plaintiff's Motion for Leave to Amend pertaining to Request for Admission No. 6 is **DENIED**.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 5th day of February 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE