UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:19-cv-21289-SMITH/LOUIS

TAMIAMI CONDOMINIUM WAREHOUSE
PLAZA ASSOCIATION, INC.,

    Plaintiff,
vs.

MARKEL AMERICAN INSURANCE
COMPANY,

    Defendant.

_____/

## REPORT AND RECCOMENDATIONS

**THIS MATTER** came before the Court upon Defendant's Motion for Award of Attorney's Fees and Non-Taxable Costs (ECF No. 150) and Defendant's Bill of Costs and Motion is support thereof (ECF Nos. 149; 159). These matters were referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge, for a Report and Recommendation (ECF No. 65). The Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the premises. Upon consideration, the undersigned recommends that the Motions be **GRANTED, in part** as follows.

**I.    BACKGROUND**

Plaintiff Tamiami Condominium Warehouse Plaza Association, Inc. ("Tamiami") brought this breach of contract action against Defendant Markel American Insurance Company's ("Markel"), which stemmed from Defendant's refusal to pay for damage allegedly caused by Hurricane Irma to Plaintiff's property.

1

On November 5, 2019, Defendant served Plaintiff with a Proposal for Settlement/Offer of Judgment (the "PFS") in accordance with Fla. Stat. §768.79, Fla. Rule of Civil Procedure 1.442 and Rule 68 of the Federal Rules of Civil Procedure. The PFS offered $5,000.00 to settle all claims, inclusive of attorney's fees and costs. Pursuant to the PFS language, Plaintiff had 30 days from the date of service to accept the PFS, yet Plaintiff chose not to accept.

On February 24, 2020, the Court granted Defendant's Motion for Summary Judgement (ECF No. 145) and entered Final Judgement against Plaintiff (ECF No. 146). Shortly thereafter, Plaintiff filed an appeal to the Eleventh Circuit (ECF Nos. 147; 148). On March 19, 2020, Defendant timely filed its Motion for Award of Attorney's Fees and Non-Taxable Costs, seeking $125,556.00 in fees and $9,899.12 in non-taxable expenses and costs (ECF No. 150). That same day, Defendant also filed a Bill of Costs in the amount of $12,583.21 (ECF Nos. 149; 149-1). A subsequent Motion for Bill of Costs was filed by Defendant on April 10, 2020, in support thereof (ECF No. 159).

Plaintiff filed a Response to the Motion for Fees, requesting that the Court stay and defer a ruling until the proceedings before the Eleventh Circuit conclude; requesting bifurcation of the entitlement to and the amount of fees, arguing that the PFS was made in bad faith and thus Defendant is not entitled to fees; and further objecting to all fee entries relating to travel from Tampa to Miami to litigate the case (ECF No. 164). Plaintiff also filed a Response to the Motion for Costs, likewise, arguing that any ruling should be deferred, and stating that there were overlapping costs included in both Defendant's Motion for Fees and Non-Taxable Costs, and defendant's Motion for Bill of Costs (ECF No. 165). Defendant filed a Reply to its Motion for Fees on April 20, 2020, and the Motions are now fully briefed.

## II. DISCUSSION

### A. Stay Pending Appeal

In its Response to both Defendant's Motion for Fees and Motion for Bill of Costs, Plaintiff argues that a ruling on these motions should be stayed and deferred pending the conclusion of the appeal (ECF Nos. 164 at 4-6; 165 at 1-2). Plaintiff did not file a motion to stay, but only argues in opposition that deferral would be in the interest of judicial economy (*id.*).

While Rule 54(d) does afford the Court discretion to stay collateral matters, such as taxing costs pending an appeal, the Court's regular practice is "not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010). There have been examples where courts of this Circuit have exercised their discretion as Plaintiff requests here. *See e.g. Hess v. Coca-Cola Refreshments USA, Inc*, No. 8:13-CV-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan. 8, 2016) (denying without prejudice defendant's motion to tax costs with leave to refile after the entry of a mandate by the Court of Appeals). However, the Local Rules of this District clearly state that a motion for attorneys' fees and costs shall be filed "within sixty (60) days of entry of final judgement or order giving rise to the claim, *regardless of the prospect of supplemental review or appellate proceedings*." S.D. Fla. L.R. 7.3(a)(1) (emphasis added).

The proponent of a stay pending appeal has the burden of showing (1) that it is likely to prevail on the merits of any appeal; (2) that it will suffer irreparable harm absent a stay or injunction; (3) that the other party will not suffer substantial harm if the stay or injunction is issued; and (4) that the stay or injunction is not adverse to public interest. *Breedlove v. Hartford Life & Accident Ins., Co.*, No. 6:11-CV-991-ORL-28, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013);

*see also King Cole Condo. Ass'n, Inc.*, 2010 WL 3212091, at *1 (stating "to justify a stay of any proceeding, including a stay of resolution of a fee and cost motion, Plaintiff must show a substantial likelihood of success on the merits of its appeal"). Plaintiff advances no arguments as to any of the requisite factors, and instead solely focuses on the broad concept of judicial economy. Having considered the Motions, Responses in Opposition, Reply and upon review of the record as a whole, the undersigned finds that Plaintiff has not shown grounds for a stay pending appeal. *See Aristyld v. City of Lauderhill*, No. 12-60110-CIV, 2013 WL 12136514, at *1 (S.D. Fla. July 12, 2013) ([Plaintiff's] bare bones motion fails to address, much less satisfy, the factors that must be considered in issuing such a stay).

### B. Defendant is Entitled to Attorney's Fees

Pursuant to Section 768.79 of the Florida Statutes, a defendant who prevails in a civil action for damages shall be entitled to recover reasonable attorney's fees and costs incurred if the defendant filed an offer of judgment that was not accepted by plaintiff within 30 days of filing. Fla. Stat. § 768.79(1). The defendant shall be entitled to recover reasonable attorney's fees and costs if the judgment is one of no liability or the judgment obtained by plaintiff is at least 25 percent less than the offer. *Id*. Where the defendant is entitled to recover, the defendant shall be awarded reasonable costs and attorney's fees incurred from the date the offer of judgment was served. Fla Stat. § 768.79(6)(a). However, even if a defendant is entitled to recover, the court may, in its discretion, determine that the offer was not made in good faith and may disallow an award of costs and fees. Fla. Stat. § 768.79(7)(a).

Based on the record, Defendant is entitled to recover fees and costs because the statutory prerequisites of Section 768.79 have been satisfied. *See* Fla. Stat. § 768.79; *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 520-21 (Fla. 4th DCA 2003) (explaining that Section 768.79 creates a

right to attorney's fees if the party satisfies the prerequisites of (1) serving a demand or offer for judgment and (2) recovering a judgment at least 25 percent more or less than the judgment). On November 5, 2019, Defendant served Plaintiff with a PFS, which Plaintiff did not accept. Because Plaintiff has not disputed the validity of the PFS, except for Plaintiff's assertion of bad faith as addressed below, it satisfies the requirements of § 768.79. Furthermore, on February 24, 2020, the Court granted Defendant's Motion for Summary Judgement (ECF No. 145), which is a judgment of no liability under Section 768.79. Therefore, we find that Defendant satisfied the statutory prerequisites of Section 768.79 and is entitled to recover, unless the Court determines that the PFS was not made in good faith, as Plaintiff contends. *See* Fla. Stat. § 768.79 "The offeree bears the burden of proving the offeror's proposal was not made in good faith." *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 354 (Fla. 3d DCA 2011) (citation omitted).

      For an offer or proposal of settlement to be made in good faith, the offeror must "have some reasonable foundation on which to base an offer." *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002). "The same standard applies where the offer is nominal: [a] nominal offer is appropriate where the offeror has a reasonable basis to believe that exposure to liability is minimal." *Zendejas v. Redman*, 334 F. Supp. 3d 1249, 1255 (S.D. Fla. 2018); *see also McMahan*, 311 F.3d at 1083 (nominal offers "can be valid if the offerors have a reasonable basis at the time of the offer to conclude that their exposure was nominal") (citation omitted); *Land & Sea Petroleum, Inc.*, 53 So. 3d at 354 ("[O]ffers are not suspect merely because they are nominal . . . Offers, nominal or otherwise, must bear a reasonable relationship to the amount of damages or a realistic assessment of liability. The rule is that a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal.") (citation omitted).

Plaintiff asserts that Defendant's $5,000.00 offer was nominal, and claims that a reasonable basis for a nominal offer exists only where the undisputed record strongly indicates that Defendant had no exposure (ECF No. 164 at 3). This is not the law. As explained by the court in *Zendejas*, the standard is not "whether the 'undisputed record' strongly indicates that the defendant had 'no exposure.' Rather, the correct standard under Florida law is whether the offerors had 'a reasonable basis at the time of the offer to conclude that their exposure was nominal.'" 334 F. Supp. 3d at 1256. Here, Defendant had a reasonable basis to believe its exposure was nominal.

As set forth in Defendant's Motion for Summary Judgment, Defendant believed Plaintiff's entire claim to be barred by its failure to comply with the relevant policy's notice requirement (ECF No. 95). It is undisputed that the policy on which this lawsuit was based required "prompt notice" in the case of loss (ECF No. 6-2 at 40). It is also undisputed that Plaintiff did not provide Defendant with notice of the loss until roughly seven months after the loss occurred, despite evidence that Plaintiff was aware of the damage for months prior to making a claim (ECF No. 145 at 3-4). Plaintiff had knowledge of the loss shortly after the hurricane struck, which was testified to at a deposition on October 17, 2019, roughly two weeks before the PFS was served (ECF No. 102-1 at 77-80).

Under Florida law, an insured's untimely reporting of the loss may be sufficient to result in the denial of recovery under an insurance policy. *See LoBello v. State Farm Fla. Ins. Co.*, 2014 WL 2751037 (Fla. 2d DCA 2014); *PDQ Coolidge Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 846 (11th Cir. 2014) (upholding district court order that defendant did not breach contract in denying claim for plaintiff failed to provide timely notice off the loss, which prejudiced defendant). Thus, Defendant had a reasonable basis to believe its exposure was nominal at the time it made the offer. Furthermore, "Defendant's ultimate success on its Motion for Summary

Judgment weighs in favor of finding good faith.*" Moody v. Integon Nat'l Ins. Co.*, No. 18-23094-CIV, 2019 WL 4731983, at *3 (S.D. Fla. July 30, 2019), *report and recommendation adopted*, No. 18-23094-CIV, 2019 WL 7943750 (S.D. Fla. Oct. 7, 2019) (collecting cases).

Plaintiff insists that an evidentiary hearing is required "to determine good/bad faith" (ECF No. 164 at 3). This is half true. The Court is required to hold a hearing, *if plaintiff meets its burden*, before the Court may make a finding of *bad faith*. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008). Because Plaintiff has not advanced facts which, if proven, would demonstrate the existence of bad faith, an evidentiary hearing is not required to determine whether the PFS was made in good faith.

Furthermore, Plaintiff's requests to bifurcate the proceedings to focus on entitlement before deciding the amount of fees, and hold an evidentiary hearing on entitlement, is improper as part of a responsive pleading.[1] That is because a request for affirmative relief is not properly made when included in a response to a motion. *See Peklun v. Tierra Del Mar Condo. Ass'n, Inc.*, No. 15-CIV-80801, 2015 WL 8029840, at *16 (S.D. Fla. Dec. 7, 2015) ("a party may not seek affirmative relief in response") (collecting cases); *Anderson v. Branch Banking & Tr. Co.*, 119 F. Supp. 3d 1328, 1351 (S.D. Fla. 2015) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.") (collecting cases).

Because Plaintiff failed to accept Defendant's good faith PFS and Defendant subsequently prevailed on summary judgement, the Court finds that Defendant is entitled to attorney's fees under Fla. Stat. §768.79, Fla. Rule of Civil Procedure 1.442 and Rule 68 of the Federal Rules of Civil Procedure.

---

[1] This is also true as to Plaintiff's request to stay and defer a ruling on these motions pending the conclusion of the appeal.

### C. Award of Attorney's Fees

Defendant's Motion for Award of Attorney's Fees and Non-Taxable Costs seeks $125,556.00 in attorney's fees (ECF No. 150). Specifically, the Motion seeks compensation for: 123 hours by attorney William R. Lewis at a rate of $230.00 per hour; 301.1 hours by attorney Scott J. Frank at a rate of $230.00 per hour; 49.30 hours by attorney Mihaela Cabulea May at a rate of $230.00 per hour; 50.50 hours by attorney Benjamin Light at a rate of $185.00 per hour; and 83.20 hours by paralegal Stephanie McKinney at a rate of $90.00 per hour.

Though Defendant is entitled to an award pursuant to Fla. Stat. §768.79, Fla. Rule of Civil Procedure 1.442 and Rule 68 of the Federal Rules of Civil Procedure, the Court is required to determine the reasonableness of the fees sought. Notably, courts are not permitted "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). However, a court reviewing a fees application need not become a "green-eyeshade accountant[]." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, the essential goal for a court is to "do rough justice, not to achieve auditing perfection." *Id.*

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar method consists of determining the reasonable hourly rate, and multiplying that number by the number of hours reasonably expended on the litigation by counsel. *See, e.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299; *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of providing satisfactory evidence of the market rate, which may include direct evidence from other legal practitioners in the relevant legal community familiar with the type of legal service provided and the prevailing market rate for such work. *Id.* The fee applicant's burden includes submitting "specific and detailed evidence" from which the court can determine the reasonably hourly rate as well as billing records that reflect the time spent on different claims, and "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303); *see also* S.D. Fla. Local Rule 7.3(a).

### i.   Reasonable Hourly Rates

In computing the lodestar, the Court's first step is to determine the reasonable hourly rate in the relevant market, which is the place where the case is filed. In determining the prevailing markets rates, courts consider "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases." *See Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *9 (S.D. Fla. Mar. 31, 2010) (quoting *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)). Here, Defendant seeks an hourly rate of $230.00 for senior partners; $185.00 for a senior associate; and $90.00 for paralegal work. In further support of these hourly rates, Defendant sets forth each timekeeper's experience: William R. Louis and Scott J. Frank have been members of the Florida Bar for roughly three decades; Michaela Cabulea May

and Benjamin Light have been practicing attorneys for at least ten years; and Stephanie McKinney has eight years of experience. Plaintiff does not object to counsel's rates.

Having considered counsel's reputations and experiences, and the Court's familiarity with attorney's fees generally in this market, I find that the requested rates to be reasonable and appropriate. *See Paxton v. Great Am. Ins. Co.*, No. 08-81431-CIV, 2009 WL 10667078, at *5 (S.D. Fla. Dec. 11, 2009) (finding an hourly rate of $350.00 to be a reasonable fee awards in the area of insurance claim litigation, and collecting similar insurance litigation cases in which hourly fees from $250.00 - $315.00 were awarded).

### ii. Number of Hours Reasonably Expended

Next, the Court must determine the number of hours reasonably expended on behalf of Defendant on the prevailing claims. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). When fee applicants fail to exercise billing judgment, courts are obligated to do it for them. *Id.* If a request for attorneys' fees is unreasonably high, results from excessive time or other billing errors, a court may either reduce the number of hours by conducting a line analysis or by applying an across-the-board cut; once the court deems the hours expended on any task reasonable, it cannot further reduce by subjecting those hours to an across the board cut. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

The party opposing fees also has an obligation to provide specific and precise objections concerning hours that should be excluded. *Barnes*, 168 F.3d at 427 (stating that objections from fee opponents must be specific and "reasonably precise"); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). Generalized statements that the time spent was unnecessary or unreasonable are not particularly helpful and not entitled to much weight. *Id.*; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F.Supp.2d 1328, 1332-33 (M.D. Fla. 2002).

Defendant advances over 500 hours of time billed by four different attorneys in a span of approximately three months. Having reviewed Defendant's invoices and time diaries, the time for which Defendant seeks recovery exceeds that which was reasonably incurred. The excessive number of hours is primarily the result of multiple attorneys billing for the same tasks.

Attorney Scott J. Frank bore primary responsibility for the file, judging both from the time diaries and the undersigned's experience with Mr. Frank throughout the litigation. Mr. Frank's diaries reflect that he substantially worked on every facet of the case, yet for most tasks (exceptions described below), his efforts were apparently duplicated by the other attorneys in the firm. For example, both he and attorney Light researched the same topics. Both he and attorney Lewis conducted conferral with opposing counsel *on the same day* and billed for providing updates to the client. Every attorney on the file billed for reviewing every docket entry, no matter which attorney took lead on addressing the respective filing. And multiple lawyers billed for researching, drafting, editing or finalizing filings. While there is nothing inherently unreasonable about a client relying on multiple attorneys, a fee applicant may only recover for the hours of multiple attorneys

if the attorneys "are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *Norman* 836 F.2d at 1302; *Barnes,* 168 F.3d at 432. A fee applicant has the burden to show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Barnes*, 168 F.3d at 432. Defendant advanced nothing beyond the time records themselves for the Court to determine the distinct contribution of each lawyer to the case, and with the two exceptions noted below, it has failed to demonstrate that the fees incurred by the attorneys other than Mr. Frank were reasonably incurred and not duplicative.

The two exceptions are as follows: attorney Lewis had unique responsibility for the depositions of the defense expert and the corporate representative; and attorney May shouldered the work on drafting and researching Defendant's (successful) Motion for Summary Judgment and reply thereto. While Mr. Frank also billed some time for reviewing, planning, and editing the summary judgment motion, his contribution to the dispositive motion is unmistakable, considering his primary role in the discovery taken in the case. Accordingly, Mr. Lewis and Ms. May's time for these tasks has been considered along with Mr. Frank's time.

Defendant's time records additionally reveal an excessive number of hours billed on tasks, including tasks that should not have been billed at all. It bears noting that Mr. Frank obviously gave this file his full attention in the three months at issue (from November 6 until summary judgment was granted in mid-February). On most days, his time billed to this matter exceeded eight hours. On December 10, 2019, Mr. Frank billed four hours to attend a hearing before me— a hearing that the docket shows lasted for just over two and a half hours (ECF No. 94). The four hours he billed for attending the hearing are in addition to the 5.2 hours he billed in preparation for the hearing. Finally, certain tasks should not have been billed at all. For example, as a member

of the Federal Bar, knowledge of the Local Rules is expected; an hour incurred in researching the Local Rule applicable to seeking a continuance is excessive, as is billing to review the same docket activity on multiple dates.

Similarly, Ms. May's hours incurred in relation to the summary judgment motion are quite high and she too billed ten-hour days invested in that task. There is no question her efforts were important and useful to the case; however, not all of her time was directed to presenting the issue on which Defendant prevailed. Also as noted above, her time was not the only time billed for the task, as Mr. Frank also submitted time for the task.

Accordingly, in calculating the total number of hours reasonably incurred, I have first considered the hours submitted by Mr. Frank (244.1)[2] and Ms. May (49.3). To account for the billing inefficiencies described above, I have reduced those hours by an across-the-board twenty percent reduction. At the hourly rate of $230 billed by both attorneys, the resulting fee award for both Mr. Frank and Ms. May's time is $53,985.60. Mr. Lewis's time incurred in the preparation and deposition of the three witnesses described above (30.9 hours) is added thereto and because I have found these hours reasonably incurred for the task, they are not subject to an across the board cut. I also find the time billed by Ms. McKinney, the team paralegal, to have been reasonably incurred; use of her time for a variety of tasks demonstrated efficiency and moreover, Plaintiff has raised no objection to entry time entry by Ms. McKinney. Accordingly, I have not applied any reduction to her hours. Adding the amount incurred by Mr. Lewis ($7,107.00) and Ms. McKinney ($7,488.00) the total fee award I recommend is $68,580.60.

---

[2] Plaintiff objects to Defendant's billing for travel time, that is, time spent traveling to Miami from Tampa and back. In Reply, Defendant agrees to yield to the objection in effort to resolve the dispute. The undersigned has accordingly reduced the 57 hours of travel time from Mr. Frank's total time of 301.1 hours, which comes to 244.1 hours.

13

### D. Non-Taxable Costs

Defendant's Motion for Fees and Non-Taxable Costs additionally seeks $9,899.12 in non-taxable expenses and costs (ECF No. 150). However, "absent explicit statutory authorization, courts are limited to awarding the costs enumerated in 28 U.S.C. § 1920" and non-taxable are not explicitly authorize under Fla. Stat. §768.79. *Moody*, 2019 WL 4731983, at *5 (citations omitted) (denying party's request for non-taxable costs because "[n]on-taxable costs are not recoverable under Section 768.79"); *see also Kearney v. Auto-Owners Ins. Co.*, No. 8:06-CV-00595-T-24, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010) (finding a party "cannot receive any costs under Florida Statute § 768.79 beyond those already awarded under § 1920").

Defendant separately filed a Bill of Costs, which includes all incurred costs enumerated under 28 U.S.C. § 1920, as addressed below. Thus, any costs sought in Defendant's Motion for Fees and Non-Taxable Costs that would be allowed under 28 U.S.C. § 1920, such as deposition fees, would be duplicative of the costs sought in Defendant's Bill of Costs. The same costs will not be awarded twice. Any other requested costs not enumerated under 28 U.S.C. § 1920, such as travel and mediation expenses, are not allowed. *Moody*, 2019 WL 4731983, at *5 (finding costs associated with mediation services and travel expenses are not enumerated in 28 U.S.C. § 1920). Thus, the Court recommends that Defendant's request for non-taxable fees be denied.

Accordingly, I recommend that Defendant's Motion for Attorney's Fees and Non-Taxable Costs be **GRANTED, in part**; and that Defendant be awarded fees in the amount of **$68,580.60.**

### E. Bill of Costs

Defendant filed a Bill of Costs and an accompanying motion pursuant to Federal Rules of Civil Procedure 54, Southern District of Florida Local Rule 7.3(c), and 28 U.S.C. §1920 (ECF Nos. 149; 149-1; 159). The Bill of Costs seeks a total of $12,583.21, which includes: $400.00 for

fees of the clerk; $1,185.00 in fees for service of summons and subpoenas; $8,774.91 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and $2,223.20 in fees and disbursements for printing.

Defendant, as the prevailing party, is entitled to recuperate costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### i. Fees of the Clerk

Defendant is entitled to the full amount request for fees of the clerk and dockets fees under 28 U.S.C. § 1920. Thus, the undersigned recommends that Defendant be awarded $400.00 for fees

of the clerk, which covers the filing fee for removal from state to federal court (ECF No. 149-1 at 6).

### ii. Fees for Service of Summons and Subpoenas

As to fees for service of summons and subpoenas, Defendant submits six invoices that include nine subpoena services charges for $75.00 each; two subpoena service charges for $120.00 each; one 1 subpoena service charge for $125.00; and one subpoena service charge for $145.00, which totals $1,185.00 (ECF 149-1 at 3-4, 7-12). However, taxable private process fees must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). Thus, the undersigned recommends that the fees all be adjusted to the amount of $65.00 per subpoena, which would bring the total amount to be awarded for summons and subpoenas to $845.00.

### iii. Fees for Transcripts

Defendant seeks a total of $8,774.91 in costs for printed or electronically recorded transcripts necessarily obtained for use in the case, which Defendant breaks down as follows: $1,908.00 for the deposition transcripts of A. Barquera and J. Gonzalez; $1,301.45 for the deposition transcript of Hernan Cornejo; $125.00 for the continued deposition of Hernan Cornejo; $125.00 for the court reporter attendance for deposition of Courtesy Property Management; $608.91 for the deposition transcripts of Suyapa Palmer and Alexis Hendrikse; $789.95 for the deposition transcript of Nieves Ospina and Genesys Prado; $585.70 for the continued deposition transcript of Hernan Cornejo; $1,022.40 for the deposition transcript of Dennis Boggi; $504.00 for the deposition transcript of Julio Vistoso; and $1,804.50 for the Deposition transcript of Katherine

Christodoulatos.

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Plaintiff does not contest the necessity of obtaining the numerous depositions. "Because the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). Since no challenge to the necessity of the costs exist, the undersigned accepts that all depositions were necessary.

However, not all deposition costs are recoverable; miscellaneous costs associated with deposition transcripts, such as expedited delivery of transcripts or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

While not specifically challenged by Plaintiff, the Court finds that many of the invoices provided by Defendant include miscellaneous costs that should not be recovered. These costs include charges for expedited transcripts (ECF No. 149-1 at 18, 20, 22) and a charge for a condensed transcript (ECF No. 149 at 14). Defendant has failed to make any showing that such miscellaneous charges were obtained as a necessity, rather than a convenience. Thus, the

undersigned recommends adjusting the requested costs as follows: $1,908.00 for the deposition transcripts of A. Barquera and J. Gonzalez; $1,281.45 for the deposition transcript of Hernan Cornejo; $125.00 for the continued deposition of Hernan Cornejo; $125.00 for the court reporter attendance for deposition of Courtesy Property Management; $608.91 for the deposition transcripts of Suyapa Palmer and Alexis Hendrikse; $416.67 for the deposition transcript of Nieves Ospina and Genesys Prado; $585.70 for the continued deposition transcript of Hernan Cornejo; $657.75 for the deposition transcript of Dennis Boggi; $504.00 for the deposition transcript of Julio Vistoso; and $1,111.45 for the Deposition transcript of Katherine Christodoulatos. This comes to a total award of $7,323.93 for costs for printed or electronically recorded transcripts necessarily obtained for use in the case.

### iv. Fees and Disbursements for Printing

Defendant is entitled to fees and disbursements for printing pursuant to 28 U.S.C. § 1920(3). Plaintiff does not challenge entitlement to the costs. Thus, the undersigned recommends that Defendant be awarded the $2,223.20 in fees and disbursements for printing.

Accordingly, I recommend that Defendant's Motion for Bill of Costs be **GRANTED, in part**; and that Defendant be awarded costs in the amount of **$10,792.13.**

### III.   RECOMMENDATIONS

For the foregoing reasons, I recommend that Defendant's Motion for Award of Attorney's Fees and Non-Taxable Costs (ECF No. 150) be **GRANTED, in part**, and that Defendant be awarded a total of $68,580.60 in attorney's fees. I further recommend that Defendant's Bill of Costs and Motion is support thereof (ECF Nos. 149; 159) be **GRANTED, in part**, and that Defendant be awarded a total of $10,792.13 in costs.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date

of this Report and Recommendation to serve and file written objections, if any, with the Honorable Rodney Smith, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 11th day of September, 2020.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**